NOTE 36.—Jones *v.* Thurmond, 5 T., 318.

---

## UNDERWOOD V. RUSSELL AND OTHERS.

Where a penalty is imposed upon a ministerial officer for not doing an official act, although the law may not in express terms admit of any excuse, yet it implies that a reasonable excuse will be heard. (Note 37.)

The sheriff of another county, to whom process is issued, is not required by law to either return it in person or by deputy; it is sufficient if he deposit it in the mail, properly directed, in time to reach the clerk of the court from which it issued by the return day.

Reasonable diligence to execute and return process is all that the law requires of the sheriff; and if he fail to use it, though the process may be worthless and his negligence operate no injury to the plaintiff, yet it is but a just penalty to the law, for disobedience to its mandates, that he should pay the prescribed penalty for his delinquency.

Appeal from Brazoria. Motion against the sheriff of Harris county and his sureties for failing to return an execution issued from the District Court of Brazoria county. The motion was overruled, and plaintiff appealed. The facts were that an execution was placed in the hands of Russell, issued from the District Court of Brazoria county, on a judgment in that court, in favor of the plaintiff in this motion, against one Robertson; that Russell was sheriff of Harris county, and his codefendants were his sureties; that Russell could find no property of Robertson's upon which he could levy the execution; that he indorsed the fact on the execution and inclosed the same in an envelope, directed it to the clerk of the District [176] Court of Brazoria county, and put it in the post-office at the city of Houston in full time to reach Brazoria, by regular conveyance of mail, by the return day of the execution; but it was never returned into the clerk's office.

*Quinan & Wilson*, for appellant. Putting the execution in the post-office was not a sufficient return. The language of the statute is very positive. It requires a return at time and place. It was his duty to obey the writ, if possible. No insurmountable obstacle is shown. Press of business will not excuse. (2 Ala. R., 74.) Inconvenience or expense will not excuse. The office is voluntarily assumed. But, on the supposition that reasonable diligence is all that is required, what diligence has been used? He does not show that no better opportunity than the uncertain mail conveyance offered. He does not show that he paid the postage; that the envelope furnished any clue to its contents; that he forwarded information to the plaintiff or his attorney of the attempted return.

II. The fact of Robertson's insolvency has nothing to do with this case. The law fixes the penalty which the sheriff shall pay. (Acts of 1842, p. 71; 8 Verm. R., 485.) Cases where the sheriff was allowed to prove the insolvency of the defendant in the execution were where the penalty was the actual damage sustained.

*J. B. Jones,* for appellees. The law does not require the sheriff to *convey* the execution to the court from which it issued. The word "return" means the certificate of the sheriff of how he has executed the process or why he has not executed it. (2 Bouvier, 460; Sew. on Sheriffs, 384; Steph. Pl., 25.) The sheriff is a local officer, and is not required to discharge any duties that would

### Underwood v. Russell.

be extraterritorial. No fee is allowed. If the law had contemplated that the sheriff should convey a writ to a distant county, it would have provided for his compensation.

II. The sheriff used reasonable diligence to return the execution. [177] (Battle v. Henry, 2 Stew. R., 42; Waring v. Thomas, 1 Litt. R., 253; Danforth v. Oglesby, 3 B. Mon., 328; Basset v. Bowman, 3 B. Mon., 325.)

III. The defendant in the execution was insolvent, and the plaintiff suffered no damage from a failure of the execution to reach the court from which it issued. (Roberts & Battle v. Henry, 2 Stew. R., 42; Sedgw. Meas. Dam., 527, 528.)

LIPSCOMB, J. This was a motion against the sheriff and his securities for failing to return an execution issued from the District Court of Brazoria county, and placed in the hands of D. Russell, sheriff of Harris county, for execution. The motion was overruled, and plaintiff appealed. From the facts agreed the execution was placed in the sheriff's hands, issued from the clerk's office of the District Court of Brazoria county, on a judgment in that court, in favor of the plaintiff in this motion, against one Robertson, in Harris county; that it was never returned into the clerk's office from whence it had issued; and that Russell was the sheriff of Harris county at the time the execution was placed in his hands. It was admitted by the plaintiff that Russell could find no property of Robertson's on which he could levy the execution; that Russell made that indorsement on the execution; and that he inclosed the same in an envelope, directed to the clerk of the District Court of Brazoria county, and put the same in the post-office at the city of Houston in full time to reach Brazoria, by regular conveyance of mail, by the return day of the execution.

The motion was predicated on the twenty-third section of an act to reduce into one and amend the several acts concerning executions passed by the Congress of the Republic, approved 27th January, 1842. It is as follows:

"That if any sheriff or other officer shall fail to make return of any execution received by him on the day and at the place the same shall be made returnable, or shall neglect or fail to make a levy when in his power to do so, being thereto required by the plaintiff, * * * he shall be liable to pay to [178] the plaintiff in execution the full amount of the debt, interest, and costs, to be recovered against such sheriff or other officer and his sureties by motion in any court having jurisdiction thereof, by giving three days' notice of such motion."

The appellant urges that the law is imperative, and does not admit of any excuse whatever for a non-compliance with its requisitions; that in other States some discretion is allowed to the court on similar motions against sheriffs.

The statute of Alabama is very much like ours in its terms; yet in the case of Henry v. Roberts & Battle, (2 Stew. R., 42,) it was ruled that the use of a reasonable degree of diligence to comply with the law would exonerate the sheriff from liability for his failure to return the process at the time required by law. So in the case of Waring v. Thomas, (1 Litt. R., 253,) the sheriff had mislaid the execution; it was held a sufficient excuse, and the motion against him discharged. The law does not in express terms admit of any excuse; but it cannot be doubted that where a penalty is imposed for not doing an official act by a ministerial officer, the law implies that a reasonable excuse will be heard, and will not require more than is consistent with other official duties. It would be adhering too strictly to the letter of the law to suppose it intended that a sheriff, whose personal attendance is always required in his county, should, notwithstanding, be bound to take the process from a distant county in hand and go personally and return it into the office from whence it had emanated; nor would it be supposed to require of him a messenger or deputy to do it for him. It seems to me a few illustrations would show the utter absurdity of such a conclusion. Suppose an execution for a few dollars should be sued out from the District Court of Jefferson county, directed to the sheriff

of Webb county, or from Red River county to Cameron county: could any reasonable interpretation of the law require ·the sheriffs of those counties to return the process in person, or to hire a man to carry it for them, and that ·without compensation for doing so? If this could be tolerated, it would induce a speculation [179] on the chances of making the sheriff liable by sending an execution to a distant county. Whether the defendant was in such distant ·county or not would make no sort of difference; the sheriff, it would be said, is bound to return the process, and he would prefer the payment of the debt to the performance of the service. These strong cases are put to show into what consequences a strict adherence to a penal law would drive us—results that no one can believe were ever intended by the Legislature. But the law never intended to enforce the sheriffs to those sacrifices without an adequate ·compensation, and contemplated only making him liable to the penalty if he failed to use a satisfactory degree of diligence to return the process at the time and place required. In this case it is in effect admitted that the plaintiff was not injured one cent by the execution not being returned, because it is admitted that there was no property of the defendant in the execution on which it could be levied. To allow the plaintiff in the execution to collect the money ·under such circumstances would be in effect permitting him to say, "I know that I am not injured by the execution not being returned; I know that it is true that there was no property on which my execution could be levied, and its return can be of no service to me; yet as the sheriff has not, at his own expense and at the loss of his time, returned it into the clerk's office, I will make him pay the debt." A pretension so contrary to what is moral, right, and just, cannot be sound in law. If the sheriff has not used reasonable diligence to return the process, though that process may be worthless and operate no injury to the plaintiff in execution, it is but a just penalty to the law, for disobedience to its mandate, that he should pay the prescribed penalty for his delinquency. If, however, he uses the means admitted in this case to have been used by him, and fails, it is a failure for which we believe a reasonable interpretation of the law will hold him excused.

Judgment affirmed.

NOTE 37.—Hamilton *v.* Ward, *post,* 356; Smith *v.* Perry, 18 T., 510; Beaver *v.* Batte, 19 T., 111; Griswold *v.* Chandler, 22 T., 637; De la Garza *v.* Booth, 28 T., 478.